Good morning, Your Honors. Barbara O'Connor on behalf of Mr. Rivera. I'd like to reserve four minutes for rebuttal. Thank you. And may it please the court. Our argument in this case is fairly straightforward. In reviewing the government's brief last night, I felt the government was trying to obscure the standard for this court to draw attention to areas that really are not applicable. In our view, the question is, was this order clear enough to prescribe this specific behavior? Judge King chose to draft the order very specifically. There are lots of specific items that Mr. Rivera was prohibited from engaging in, but representing a client in a Mr. Rivera made the argument clearly himself, I think, at trial, that he believed what he was doing was not encompassed by the injunction. As a lawyer, he reviewed the injunction very carefully. He looked at his conduct very carefully. I think it's clear that he didn't intend to violate the injunction. And why would he? Well, why does he think a federal judge has to live on a military reservation? Otherwise, the tax laws aren't enforceable. I don't know why he did what he did. The only question really is, does it cover his conduct? Exactly, Your Honor. I completely agree. The only question is, does this injunction cover this conduct? Now, the government made the argument that maybe Section A of the injunction covers it, and you come back that he wasn't charged with Section A. Correct, Your Honor. Was there any amendment of the charge by implication or otherwise at the hearing before Judge King? No, Your Honor. And nor could there be. The charge was what the charge was. And the government chose to frame it the way they did, very specifically violation of C-12, promoting a plan or arrangement regarding Mr. Rivera's beliefs. And that he just didn't do in this case. There was no evidence submitted that he sold anything. Indeed, the evidence of financial transaction, I feel, supports our argument that he was acting as a lawyer in a criminal defense capacity. Had the government decided to charge your client under A, would that have been a cognizable basis for this claim? Well... That was tax representation services. He was certainly doing that, was he not? Actually, I don't think he was. Tax representation services are aimed at collection of taxes. His efforts were aimed at preventing a criminal conviction, someone's freedom at stake. Very different from the IRS trying to collect money, taxes. Tax representation services, you're defining it as strictly to prevent collection. Where do you get that from? Is there a case that says so? I think that's the plain reading of the words. And I think that's where we have to start out is looking... Tax representation services, couldn't that be any tax lawyer performing any role in connection with the Internal Revenue Code? Well, Your Honor, when I've represented people on tax charges, I don't consider myself providing tax-related services. Indeed, often there has been a civil case following along the criminal case, and that is where the tax experts really come in. In the criminal case, I think we're talking about Mr. Rivera's exact behavior and what he was precluded from doing. I was going to mention that one of the facts that I think supports his view is that when he was selling these services, he charged $100 for a letter, $350 for another package. The most was $3,500 for a full year of his tax services. In this case, Mr. Gebauer pays him $10,000. Much more appropriate for a retainer for a criminal lawyer. And I think that's exactly what Mr. Rivera was trying to be in this case. Looking over the government's brief, the government does attempt to expand the reading. In many ways, their language throughout is an attempt to do that. They argue that the injunction should be considered in its entirety, that it was more expansive, that the representation was a form of promotion, that the plain implication of the injunction would have prevented this conduct. All of that is contrary to the standard, which is that the injunction must be clear and definite. And if it's not, then Mr. Rivera is not guilty. And if it's not, then he's not willfully violating it. That's our argument. Thank you, Your Honor. Thank you, Ms. O'Connor. Good morning. Good morning. May it please the Court. Gregory Davis for the United States. We do not intend to expand the charge between C-12. We're simply attempting to explain from context as the Seventh Circuit in U.S. v. Greyhound Corporation, which this Court has cited favorably in Baker, and the Third Circuit in U.S. v. Christie Industries said you have to look to see what is intended by the injunction. But this is a criminal case. This is not a civil case. That's correct. How can you argue that if you look at the literal words of the injunction and what the defendant did was before a different entity, not the IRS? Well, as the district court held, basically the Department of Justice was essentially acting as representative of the IRS. I'm talking about what the law says here. The law says, and your injunction says, that he was barred from representing someone before the IRS. The Department of Justice is not the IRS, is it? No, it is not. It's not even in a different division of the government. That's correct. Okay, so how can it be the same? Well, basically, as I said, the Department of Justice was serving as the representative. Only the Department of Justice, with very few exceptions... But the injunction doesn't say the IRS or any of its representatives, does it? No, it says the IRS. Okay, so he didn't represent this person before the IRS. He represented before the Department of Justice. Which was serving as the representative of the IRS. I understand, but again, we're talking about a criminal statute here. The rule of lenity applies, does it not? It does. Okay, so if we were talking about a civil case, counsel, this would be an entirely different matter. But this is a criminal case. And I'm really puzzled. It seems to me like the government just completely misfired on this thing. You've got, talking about tax promotion schemes and so on, all of which this gentleman was apparently involved in before. But that's not what happened here, is it? Well, in the sense that... There's no evidence in the record whether or not he sold a tax package to Mr. Gebauer. Okay, but you're not following up on that. What you're talking about is a guy is charged, the Department of Justice is involved, he's representing him there. That's not talked about in the injunction, is it? Well, the injunction, as the district court said, and I think as other courts have held, the injunction doesn't have to contemplate every precise action that will occur. I understand that, but it does have to be clear enough that the person who is enjoined can look at the language and know what he or she can or cannot do without violating the law. Isn't that the standard? It is, but the district court found, as a matter of fact, that Mr. Rivera, as an attorney, would understand that what he was doing was representing a client. And on what basis... On what basis did the district court find that? The district court's findings, I think at pages 7 to 8 of the excerpts of Record Volume 1, basically just sort of discussed in general. No, sorry, that's not 7 to 8. It's in the excerpts of Record Volume 1. I can't cite it at the moment, but it is in the excerpts of Record Volume 1. You're not, and I ask my colleague to finish this point here. I trust you're not saying that every member of the bar would understand, as a matter of basic training, what you can and cannot do before the tax authorities of the United States in keeping with this injunction. Not someone who hadn't been doing what Mr. Rivera had been doing, and the district court laid out the facts behind the injunction in detail. Suppose Gibauer had been indicted. He's now charged with a criminal offense, and had gone to Rivera. Could Rivera have represented him in court? Certainly. And raised the same defenses? Before a court? Yeah. A court is not the IRS representative, so I don't see how... I don't understand why you keep saying he was representing before the IRS. The IRS sent him a letter that said they were done with him. They were washing their hands of him. And sent him, and referred him to the Department of Justice. Right, exactly. Now the IRS is done, and now it's the Department of Justice. I mean, you know how it works. You deal with the IRS, and then the general counsel's office, or you go and get audited, and at some point their interest in the case ends and the Department of Justice takes it over. Isn't that what happened here? Apparently. From the record, it appears that the IRS referred them to the Department of Justice for possible criminal prosecution. There was no indication that prosecution was going to necessarily happen. Well, they said they were thinking about it. Well, they were making a referral. That's what they can do, because the IRS can't initiate litigation. Let's suppose we disagree with your reading of how this thing, how the football got passed off. Suppose we say when the IRS said we're turning it over to the Department of Justice, they turned it over to the Department of Justice. No longer IRS. Now you're dealing with the Department of Justice. Suppose we come to that conclusion. Is he covered under C? I would argue that he is. How about in reality, is he? You're attempting to corner me here. That's my job. I know it's your job, and it's my job to try to avoid it. I'm shocked you would come to that conclusion. I still have to say, Your Honor, that I believe that the Department of Justice was essentially serving as the IRS's counsel. And because we were serving as counsel, essentially we were acting on behalf of the service. Okay. If there are no further questions, thank you. Thank you very much, sir. Ms. O'Connor, you get the last word. Thank you, Your Honor. It will be a short word, which is simply that we completely agree that this was the Department of Justice, not the IRS. And also that when the first letter was sent to Assistant Attorney General O'Connor, the Department was on notice. The IRS could have been on notice. They could have sought a modification to expand this injunction. They could have sought to expand it from the beginning and include every agency. And they just didn't do that. Because it was limited to the IRS, because it was limited to those kind of services, we believe the conviction should be reversed on behalf of Mr. Rivera. Thank you, Ms. O'Connor. Mr. Davis, thank you. The case to start is submitted. 0855865, Luther v. Countrywide Home Loan Services LLC.
judges: Silverman, Rawlinson, Smith